UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS OWENS, | ) 1:11-cv—00002-LJO-SKO-HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS PETITION AS SUCCESSIVE |
| | ) PURSUANT TO 28 U.S.C. § 2244(b) |
| v. | ) (Doc. 1) AND TO DECLINE TO ISSUE |
| | ) A CERTIFICATE OF APPEALABILITY |
| KELLY HARRINGTON, | ) |
| | ) DEADLINE FOR OBJECTIONS: |
| Respondent. | ) THIRTY (30) DAYS |
| | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on January 3, 2011.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Background

Petitioner is an inmate of Kern Valley State Prison (KVSP) serving a sentence of twenty-five (25) years to life imposed in the Fresno County Superior Court on December 5, 1999, for burglary, attempted burglary, and related offenses. (Pet. 1, 3.) In the petition, Petitioner challenges his conviction on grounds relating to the Superior Court's destruction of trial exhibits.

(Pet. 6-8.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is incarcerated. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

On April 20, 2007, a first amended habeas petition challenging Petitioner's 1999 convictions was denied by this Court on the merits in Curtis Owens v. E. Roe, 1:03-cv-05327-LJO-TAG. (Docs. 53, 54, 38.) The docket of that proceeding reflects that a notice of appeal from this Court's judgment was filed on May 22, 2007 (Doc. 59), and the appeal is presently pending. A review through PACER of the Ninth Circuit's docket reflects that the appeal proceeds as Owens v. Harrington in case number 07-16013; briefing appears to have been completed, but no decision has issued.

III. Successive Petition

Because the petition in the present case was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive

3

petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court.

4

1  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing
2  Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).
3      Here, the first petition concerning the Fresno County
4  judgment was denied on the merits.  The Court has considered the
5  pendency of the appeal from the judgment rendered by this Court
6  on the first petition.  It is established that if a new petition
7  is filed when a previous habeas petition is still pending before
8  the district court without a decision having been rendered, then
9  the new petition should be construed as a motion to amend the
10 pending petition.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir.
11 2008).  However, the Woods holding will not be extended to a
12 situation where the district court has ruled on the initial
13 petition, and proceedings have begun in the Court of Appeals.
14 Beaty v. Schriro, 554 F.3d 780, 782-83 & n.1 (9th Cir. 2009),
15 cert. denied, -- U.S. --, 130 S.Ct. 364, 175 L.Ed.2d 50 (2009).
16 The petition presently before the Court is thus considered a
17 successive petition because the district court denied the first
18 petition on the merits and entered judgment, and the appeal is
19 pending in the Ninth Circuit.  Id.
20     Petitioner makes no showing that he has obtained prior leave
21 from the Ninth Circuit to file his successive petition attacking
22 the judgment.  Accordingly, this court has no jurisdiction to
23 consider Petitioner's renewed application for relief from that
24 convictions under section 2254 and must dismiss the petition.
25 See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart,
26 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.  If
27 Petitioner desires to proceed in bringing this petition for writ
28 of habeas corpus, he must file for leave to do so with the Ninth

5

Circuit. See 28 U.S.C. § 2244(b)(3).

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Miller-El v. Cockrell, 537 U.S. at 336-37. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the

6

appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right. Petitioner has not made the substantial showing required for issuance of a certificate of appealability.

V. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED as successive; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close this action because the dismissal will terminate the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 18, 2011**                     /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE